UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL DAVID DANIELS,

    Plaintiff,
v.                                   Case No. 8:20-cv-2856-WFJ-AAS

MANATEE COUNTY, JACOB SAUR,
and SARAH BROWN RICHMOND,

    Defendant.
_____/

## ORDER

Defendant Manatee County moves to compel the production of online communications and Facebook posts from Plaintiff Paul David Daniels. (Doc. 30). Mr. Daniels opposes Manatee County's motion. (Doc. 37). Manatee County replied to Mr. Daniels' opposition and Mr. Daniels filed a sur-reply. (Docs. 43, 47). For the foregoing reasons, Manatee County's motion is **GRANTED**.

**I.    BACKGROUND**

This dispute arises from Mr. Daniels' prior position as a volunteer dog walker for the Manatee County Animal Shelter (MCAS), a public animal shelter operated by Manatee County. (Doc. 1). Manatee County hired Mr. Daniels as a volunteer in June 2018. (*Id*. at ¶ 14). On June 11, 2020, Mr. Daniels received a letter from MCAS Volunteer Coordinator Janine Davis stating Mr. Daniels' recent negative Facebook posts about MCAS were "not

1

acceptable" and "detrimental to the shelter." (Doc. 37, Ex. 1). The letter specified it served as an "official warning" to Mr. Daniels that "[c]ontinued violations could result in further action from MCAS, up to and including termination from the MCAS Volunteer Program." (*Id*.). On June 16, 2020, Mr. Daniels received another letter from Mrs. Davis informing him that more recent "malicious statements" about MCAS "led to MCAS employees receiving threats of harm, including death" and "affected [his] relationship with the shelter as well as [MCAS's] reputation in the community." (*Id*. at Ex. 2). As a result, Mrs. Davis's June 16 letter informed Mr. Daniels he was terminated from his position with MCAS. (*Id*.). Mr. Daniels sued Manatee County, Cheri Coryea, Jacob Saur, and Sarah Brown Richmond on December 3, 2020, and alleged his termination was retaliation for his Facebook posts and violative of the First Amendment. (Doc. 1). Cheri Coryea was dismissed from this action on December 13, 2021. (Doc. 32).

## II.   LEGAL STANDARD

A party may obtain discovery about any non-privileged matter relevant to any party's claim or defense and proportional to the needs. Fed. R. Civ. P. 26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted). A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has

the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-cv-1185-ACC-T_S, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

### III. ANALYSIS

Manatee County requests two sets of information from Mr. Daniels: (1) any emails Mr. Daniels sent or received since June 2018 that discuss improvements to the MCAS shelter that the County was considering making or the health, safety, well-being, and living conditions of animals at the MCAS shelter; and (2) copies of Mr. Daniels' Facebook posts and comments made since June 2018 in a private "MCAS Dog Walkers Only" Facebook group pertaining to the MCAS shelter where he volunteered, his volunteer position, the allegations in his complaint, or County commissioners, administrators, officials, staff, employees, or agents. (Doc. 30, p. 4–8). Manatee County claims this information is relevant and proportional to its two of its defenses in this matter: (1) Mr. Daniels' Facebook posts contained misleading or false statements, such that the posts are not protected for First Amendment retaliation claims, and (2) should Mr. Daniels prevail in his retaliation claims, he should be barred from reinstatement with MCAS under the after acquired

3

evidence doctrine. (*Id.* at ¶ 7). Manatee County alleges Mr. Daniels knew MCAS was funding improvements to their outdoor kennels and Mr. Daniels' failure to mention these pending improvements supports their claim that Mr. Daniels' Facebook posts were false or misleading. (*Id.* at 10). Manatee County further claims Mr. Daniel's emails and Facebook posts are relevant to its after acquired evidence defense because they establish a pre-existing basis for Mr. Daniels' termination "that would preclude Daniels from being reinstated to his volunteer position even if he prevails on the issue of liability." (*Id.* at 17).

Mr. Daniels' emails and Facebook posts are relevant and proportional to Manatee County's defenses against liability. One facet of Mr. Daniels' retaliation claim is whether his "interests as a citizen outweighed the interests of the State as an employer." *Vila v. Padron*, 484 F.3d 1334, 1339 (11th Cir. 2007). For this balancing test, the Supreme Court has "recognized as pertinent considerations whether the statement impairs discipline by superiors or harmony among co-workers, has a detrimental impact on close working relationships for which personal loyalty and confidence are necessary, or impedes the performance of the speaker's duties or interferes with the regular operation of the enterprise." *Rankin v. McPherson*, 483 U.S. 378, 388, 107 S.Ct. 2891, 2899, 97 L. Ed. 2d 315 (1987). Each of these considerations is materially affected by whether Mr. Daniels was spreading misleading or false information about his volunteer work for MCAS to third parties via email or Facebook

4

posts. *See Stanley v. City of Dalton*, 219 F.3d 1280, 1290 n. 18 (11th Cir. 2000) (*citing Chappel v. Montgomery County Fire Protection Dist. No. 1*, 131 F.3d 564, 576 (6th Cir. 1997)) "[A]lthough protection may not be available when a public employee knowingly or recklessly makes false statements, it is the defendants' burden to establish that [the plaintiff] knew or was recklessly indifferent to the fact that his speech was false").

Mr. Daniels asserts several responses, none of which outweigh the relevance or proportionality of Manatee County's requests. Mr. Daniels excerpts portions of Ms. Davis' deposition, alleging Ms. Davis did not materially dispute the truth of any statement made in Mr. Daniels' Facebook posts. (Doc. 37, p. 9–11). Mr. Daniels claims this renders Manatee County's defense "legally and factually untenable." (*Id.* at 9). Mr. Daniels further excerpts portions of his termination letter, claiming "the general gist" of the letter "is not false." (*Id.* at 12). However, the existence of some potentially contradictory evidence does not negate the relevance of discoverable information.

Mr. Daniels further argues Manatee County's requests unduly burden his privacy rights under the First and Fourteenth Amendments. (*Id.* at 15–19). Mr. Daniels claims any efforts to compel him to turn over private Facebook posts could chill his "right to freely associate and communicate with other volunteers at MCAS about the County and the shelter." (*Id.* at 17). But social

5

media content is generally "neither privileged nor protected by any right of privacy." *Matter of the Complaint of Paradise Family, LLC*, No. 8:20-cv-2056-TPB-AAS, 2021 WL 2186459, at *2 (M.D. Fla. May 28, 2021) (*citing Davenport v. State Farm. Mut. Auto. Ins. Co.*, No. 3:11-cv-632-J-JBT, 2012 WL 555759, at *1 (M.D. Fla. Feb. 21, 2012)). As with other forms of discovery, social media content is subject to the general "threshold showing that the discovery is relevant to a party's claim or defense and proportional to the needs of the case." *Id.* (*citing Rollins v. Banker Lopez & Gassler*, No. 8:19-cv-2336-VMC-SPF, 2020 WL 1939396, at *2 (M.D. Fla. Apr. 22, 2020)). While the private nature of the "MCAS Dog Walkers Only" Facebook page raises the burden Manatee County must meet for compelling the disclosure of this information, the narrowness and specificity of Manatee County's requests undermine the argument that the requests are unduly burdensome. *See Palma v. Metro PCS Wireless, Inc.*, 18 F. Supp. 3d 1346, 1348 (M.D. Fla. 2014) (balancing the defendant's speculation on the existence of potentially discoverable information with the plaintiffs' burden of producing social media posts, some of which were "protected from public view"). Mr. Daniels has therefore not established Manatee County's requests are unreasonable or unduly burdensome.

## IV. CONCLUSION

Because the court concludes Manatee County's requests at issue request

6

information relevant to their defenses against liability, the court need not resolve whether Mr. Daniels' emails and private Facebook posts are discoverable for purposes of Manatee County's after acquired evidence defense. Manatee County's Motion to Compel (Doc. 30) is **GRANTED**. Mr. Daniels must produce the emails and Facebook posts and comments no later than **January 24, 2022**.

    **ORDERED** in Tampa, Florida, on January 12, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge